Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Jennifer Reasey

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jennifer Reasey**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Tang Dynasty LLC d/b/a Tang Dynasty Restaurant & Bar,** an Arizona limited liability company; **Yuchuan Ma**, an Arizona resident; and **Yabing Yu**, an Arizona resident;<br><br>Defendants. | **Case No.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Jennifer Reasey, for her Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); retaliation under the FLSA, § 215(a)(3); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); retaliation under the Arizona Minimum Wage

Statute, § 23-364(B); and failure to make timely and reasonable payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.     This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3.     This action is also brought to recover unpaid wages, liquidated damages, punitive damages, and statutory penalties resulting from Defendants' FLSA and Arizona Minimum Wage Statute retaliation.

4.     This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

### JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     Plaintiff's state law claims are sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.  Plaintiff was employed by Defendants in this District.

### PARTIES

8.     At all relevant times to the matters alleged herein, Plaintiff Jennifer Reasey resided in the District of Arizona.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

9. Plaintiff was a full-time, non-exempt employee of Defendants from in or around October of 2017 until on or about March 14, 2018.

10. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350, and was a non-exempt employee under 29 C.R.F. §213(a)(1).

11. Defendant Tang Dynasty LLC d/b/a Tang Dynasty Restaurant & Bar is a limited liability company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

12. Defendant Yuchuan Ma is an Arizona resident. He has directly caused events to take place giving rise to this action. Yuchuan Ma was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

13. Defendant Yabing Yu is an Arizona resident. She has directly caused events to take place giving rise to this action. Yabing Yu was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

14. Under the FLSA, Defendants Yuchuan Ma and Yabing Yu are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Yuchuan Ma and Yabing Yu determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of the previously identified corporate entities in relation to the company's employees, Yuchuan Ma and Yabing Yu are subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants,

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

as alleged herein.

16.    Defendants, and each of them, are sued in both their individual and corporate capacities.

17.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18.    At all relevant times, Defendants have been engaged in interstate commerce and / or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

19.    Defendants are a restaurant and bar serving Chinese cuisine.

20.    In or around October of 2017, Plaintiff commenced employment with Defendants as a waitress.

21.    As a waitress, Plaintiff's primary job duties included the service of meals and beverages.

22.    At the commencement of Plaintiff's employment, she was a non-exempt employee and was paid approximately $5.00 per hour as a waitress.

23.    Plaintiff was promoted to cashier and was promised an increase in hourly wages.

24.    Plaintiff did not receive a raise in wages and at all relevant times as a cashier was paid a wage of $5.00 per hour.

25.    Plaintiff earned less than $455 per workweek, which is less than the salary-basis for exempt employees.   Therefore, Plaintiff, regardless of her job duties and responsibilities, was a non-exempt employee pursuant to the FLSA.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

26.     At all relevant times of Plaintiff's employment,  Defendants failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

27.     Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA and Arizona Minimum Wage Statute.

28.     Defendants willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute.

29.     On multiple occasions, Plaintiff complained to Defendants that she was earning less than minimum wage pursuant to the FLSA and Arizona Minimum Wage Statute.

30.     On or about March 14, 2018, as a result of these complaints, Plaintiff was ultimately terminated.

31.     Given the complaints occurred within ninety (90) days of Plaintiff having engaged in protected activity under the Arizona Minimum Wage Act, there exists a presumption that such adverse actions are retaliatory, which may only be rebutted by clear and convincing evidence. See A.R.S. § 23-364(B).

32.     In addition to the anti-retaliation provisions in the Arizona Minimum Wage Act, so too have Defendants retaliated against Plaintiffs in violation of the FLSA, 29 U.S.C. § 215(a)(3).

### COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

33.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

34.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

35.     Plaintiff was an employee entitled to the statutorily mandated minimum wage.

36.     Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

37.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

38.     In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

39.     Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

40.     Defendants have not made a good faith effort to comply with the FLSA.

41.     Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FLSA RETALIATION)

42.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

43.     In complaining to Defendants about not paying her at least minimum wage, Plaintiff engaged in FLSA-protected conduct.

44.     Plaintiff suffered adverse employment action by Defendants when Defendants terminated Plaintiff.

45.     Defendants' retaliatory activity was intended to prevent Plaintiff from receiving her owed minimum wages.

46.     As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3). Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

**COUNT III**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

47.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

48.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

49.     Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

50.     In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

51.     Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**COUNT IV**
**(RETALIATION – ARIZONA MINIMUM WAGE STATUTE)**

52.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

53.     In complaining to Defendants about not paying her at least minimum wage, Plaintiff engaged in conduct protected by the Arizona Minimum Wage Act under A.R.S § 23-364.

54.     Plaintiff suffered adverse employment action by Defendants when Defendants terminated Plaintiff.

55.     Defendants' retaliatory activity was intended to prevent Plaintiff from receiving her owed minimum wages.

56.     Defendants took such adverse employment action against Plaintiff because Plaintiff engaged in the protected activity.

57.     As a result of Defendants' conduct, Plaintiff is entitled to front pay; reimbursement of lost wages and interest; payment of an amount sufficient to compensate them and to deter future violations; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

## COUNT V
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

58.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

59.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

60.     Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

61.     Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

62.     Defendants failed to timely pay Plaintiff her wages due without a good faith

basis for withholding the wages.

63.     Defendants have willfully failed and refused to timely pay wages due to Plaintiffs. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A.     For the Court to declare and find that the Defendants committed the following acts:

    i.     violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii.     willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii.     violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv.     willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v.     willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

    vi.     violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff;

    vii.     violated A.R.S. § 23-364(B) by terminating Plaintiff.

B.     For the Court to award compensatory damages, including liquidated damages, and interest pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g);

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

and/or treble damages pursuant to A.R.S. § 23-355; and/or punitive damages pursuant to 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 29, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Jennifer Reasey

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldani@zoldangroup.com

1

## <u>VERIFICATION</u>

2

3  Plaintiff Jennifer Reasey declares under penalty of perjury that she has read the

4  foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted

5  therein are true and based on her personal knowledge, except as to those matters stated upon

6  information and belief, and as to those matters, she believes them to be true.

7

8

9

10



Jennifer Reasey

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com