IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Reasey, | No. CV-18-01643-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| AZXC LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Attorneys' Fees. (Doc. 47.) Plaintiff requests total fees of $30,322.50 representing fees for 93.3 hours worked. (Id.) To date, no response has been filed.

After review and consideration, the Court issues the following ruling.

**I.    FACTUAL BACKGROUND**

This motion arises out of an amended complaint filed by Plaintiff Jennifer Reasey ("Plaintiff"). (Doc. 8.) In her complaint, Plaintiff alleges Defendants failed to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; retaliated against Plaintiff in violation of FLSA §215(a)(3) and in violation of Arizona Minimum Wage Statute §23-264 (B); and failed to make timely and reasonable payments of wages under A.R.S. §§ 23-351, 23-353, and 23-355. (Id. at 1-2.) On September 24, 2019, Defendant Xiao Chong filed notice of the offer of judgment to be entered against him and all defendants. (Doc. 43.) On September 25, 2019, Plaintiff filed notice of acceptance of the offer of judgment to be entered against all Defendants. (Doc. 42.) On September 26,

2019, the Clerk of the Court entered judgment against Defendants in the amount of $3,000. (Doc. 44.) On September 27, 2019, Plaintiff filed the instant motion for attorneys' fees. (Doc. 47.)

## II.     LEGAL STANDARD

### a. Rule 68 Offer of Judgment

A party defending against a claim may serve upon an opposing party an offer to allow judgment on specified terms. Fed. R. Civ. P. 68. If the party wishes the offer to include attorneys' fees, the Ninth Circuit has stated the language in waiving or limiting attorneys' fees (and costs) "must be clear and unambiguous." Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997); Erdman v. Cochise County, Ariz., 926 F.2d 877, 880 (9th Cir. 1991); see also Marek v. Chesny, 473 U.S. 1, 6 (1985). More specifically, "[W]here the underlying statute does not make attorney fees part of costs, it is incumbent on the defendant making a Rule 68 offer to state clearly that attorney fees are included as part of the total sum for which judgment may be entered if the defendant wishes to avoid exposure to attorney fees in addition to the sum offered plus costs." Id. at 834; see F. v. Blue Shield of California, No. 09-CV-2037-PJH, 2016 WL 1059459, at *14 (N.D. Cal. Mar. 17, 2016) (clarifying that, according to Nusom, "[A] Rule 68 offer may include the amount for attorney's fees (if this inclusion is expressly stated) or may contemplate that the court will entertain requests for attorney's fees after acceptance."). Therefore, "[A] Rule 68 offer for judgment in a specific sum, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs." Nusom, 122 F.3d at 835. Moreover, "[A]mbiguities in a Rule 68 offer are typically construed against the offeror," with defendants bearing the brunt of uncertainty. Beauchamp v. Anaheim Union High Sch. Dist., 816 F.3d 1216, 1223 (9th Cir. 2016) (citing Nusom, 122 F.3d at 834).

### b. Attorneys' Fees

A plaintiff who prevails on a FLSA claim is entitled to attorney's fees and costs. 29 U.S.C. § 216(b). The attorney's fees provision for prevailing plaintiffs under the FLSA is

mandatory. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415 n.5 (1978) (referencing § 216(b), among others, as a statement that "make[s] fee awards mandatory for prevailing plaintiffs."). A plaintiff requesting attorneys' fees must also comply with Fed. R. Civ. P. 54 and LRCiv 54.2.

To be awarded attorneys' fees under LRCiv 54.2, prevailing parties must show eligibility for, entitlement to, and reasonableness of the attorneys' fees. The applicant has the burden to prove that the hourly rates and hours worked are reasonable. Blum v. Stenson, 465 U.S. 886, 901 (1984); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008). Reasonable hourly rates should be determined by "prevailing market rates in the relevant community." Blum, 465 U.S. at 895; Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013). The relevant community is generally where the district court is located. Davis v. Mason Cty., 927 F.2d 1473, 1488 (9th Cir. 1991). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1214 (9th Cir. 1986) (finding that plaintiff's attorney's hourly rate was "somewhat high," but submitted affidavits, evidence of fees awarded in past cases, and attorney's qualifications were enough to support the rate). To determine the reasonableness of attorneys' fees, the court may also evaluate a number of factors including: (a) time and labor required; (b) difficulty of the issues; (c) skill needed; (d) the customary fee in similar litigation; (e) whether fee is fixed or contingent; (f) the results obtained; (g) awards in similar actions; and (h) anything else deemed appropriate. LRCiv 54.2. After the applicant has proven reasonableness, the burden shifts to the party opposing the fee award. Camacho, 523 F.3d at 980.

## III.    DISCUSSION

Here, Plaintiff accepted Defendants' offer of judgment in the amount of $3,000.00. Defendants' offer of judgment did not state, clearly, unambiguously, or at all, that

attorneys' fees or costs were included in the $3,000.00 award to Plaintiff. As a result, Plaintiff is not precluded from seeking attorneys' fees.

Plaintiff requests total fees of $30,322.50 representing fees for 93.3 hours worked. Plaintiff is the prevailing party. Plaintiff includes in its motion the declaration of Plaintiff's attorney Jason Barrat, an itemized invoice for attorney services rendered, a statement of consultation with Defense counsel, an email Plaintiff's counsel sent to opposing counsel seeking to settle attorneys' fees, and Plaintiff counsel's engagement agreement with Plaintiff showing the fee was contingent. After the Court's review of Plaintiff's application and itemization of fees and costs, the Court has calculated the lodestar to be $29,835.00. The Court believes this most reasonably reflects Plaintiff's counsels' time working on this case, after the Court has removed counsel's last entry, "Estimate of potential Reply to Motion for Attorneys' Fees." Opposing counsel did not file a response to this motion, thus, Plaintiff's counsel did not need to draft a reply. As such, finding the fee reasonable, the Court will award Plaintiff the amount of $29,835.00 for 91.8 hours worked.

For the reasons set forth herein,

**IT IS HEREBY ORDERED** granting as modified Plaintiff's Motion for Attorneys' Fees. (Doc. 47.)

**IT IS FURTHER ORDERED** awarding Plaintiff the amount of **$29,835.00** in reasonable attorneys' fees.

**Dated this 24th day of January, 2020.**

_____
Honorable Stephen M. McNamee
Senior United States District Judge